**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW SMITH,**

                          **Plaintiff,**

    v.                                                         9:17-CV-244
                                                                   (TJM/TWD)

**PAT RUSSO, et al.,**

                          **Defendants.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**


## DECISION & ORDER

      Plaintiff filed this action, brought pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights while confining him at the Rensselaer County Correctional Facility. After initial review by the Court, the only claim that remains is Plaintiff's allegation that Defendant Dr. Russell Fricke violated Plaintiff's constitutional rights by failing to treat his prostate condition. Dr. Fricke filed a motion for summary judgment. See dkt. # 51. The Court referred the motion to the Hon. Thérsè Wiley Dancks, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). The Report-Recommendation, dated August 7, 2019, recommends that the Court deny the Defendant's motion. See dkt. # 58.

      Defendant objected to the Report-Recommendation. When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The Court will therefore be able to evaluate the summary judgment motion and Plaintiff's response to it.

Having reviewed the record *de novo* and having considered the other issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Dancks for the reasons stated in the Report-Recommendation, with one additional instruction. The Court agrees that facts exist sufficient for a jury to conclude that Dr. Fricke was deliberately indifferent to Plaintiff's serious medical need. Magistrate Judge Dancks also addressed the issue of whether Plaintiff's claims for conduct between June 8, 2012 and June 17, 2013 were time-barred. Magistrate Judge Dancks found that the doctrine of fraudulent concealment could apply and provide equitable tolling of the statute of limitations for this period. Explaining that doctrine and noting that Plaintiff–proceeding *pro se*–had not raised the defense, Magistrate Judge Dancks concluded that:

> Dr. Fricke has not presented any evidence regarding the alleged fraudulent concealment in this case, nor has he discussed relevant case law. Accordingly, the Court recommends that Defendant's motion for summary judgment dismissing Plaintiff's claims against Dr. Fricke which predate March 3, 2014, as time-barred be denied, based upon the existence of disputed issues of fact surrounding when Plaintiff had reason to know of his injury and whether Dr. Fricke should be precluded under the fraudulent concealment doctrine from asserting a defense based on the statute of limitations.

Report-Recommendation, dkt. # 58, at 29.

Defendant objected to this conclusion and offered legal and factual argument on the issue. The Plaintiff has not offered any argument, since the Magistrate Judge raised the issue *sua sponte* in her Report-Recommendation. While the Court agrees that a disputed issue of fact exists over the question of whether Defendant engaged in deliberate indifference to a serious medical need at a time within the statute of limitations, the Court concludes that the issue of whether Defendant can be liable for conduct outside the three-year limitations period needs fuller examination. The Magistrate Judge was unable to consider the Defendant's arguments on the tolling issue before offering her conclusions on the matter as the Defendant failed to address the issue at all. The Court concludes that the question would be best addressed after the parties have provided additional argument. The Court will therefore remand the case to the Magistrate Judge to permit the parties to submit briefing on the issue of equitable tolling and fraudulent concealment.

It is therefore ORDERED that Defendant's objections to the Report-Recommendation of Magistrate Judge Dancks, dkt. # 59, are hereby OVERRULED in part and SUSTAINED in part. The Report-Recommendation, dkt. # 58, is hereby ACCEPTED and ADOPTED insofar as Magistrate Judge Dancks concludes that Defendant's motion for summary judgment, dkt. # 51, should be DENIED. The Court will REMAND the case to the Magistrate Judge for briefing and a Report-Recommendation on the issue of whether the doctrine of fraudulent concealment applies to any claims Plaintiff may have for his incarceration between June 8, 2012 and June 17, 2013 .

**IT IS SO ORDERED.**

Dated: September 23, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

3