**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW SMITH,**

                                    **Plaintiff,**

        **v.**                                                                **9:17-cv-0244**

**DR. RUSSELL FRICKE,**

                                    **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION and ORDER

### I.      INTRODUCTION

        Previously, the Court accepted and adopted in part the recommendation of the

Hon. Thérèse W. Dancks, United States Magistrate Judge, that Defendant's motion for

summary judgment, Dkt. No. 51, be denied. *See* Dkt. No. 64.  The Court agreed with

Judge Dancks that facts exist sufficient for a jury to conclude that Dr. Fricke was

deliberately indifferent to Plaintiff's serious medical need. *Id.*  However, the Court

remanded the case to Judge Dancks for briefing and a Report-Recommendation on the

issue of whether the doctrine of fraudulent concealment could apply and provide equitable

tolling of the statute of limitations to any claims Plaintiff may have against Dr. Fricke based

on Plaintiff's incarceration at the Rensselaer County Correctional Facility ("RCCF")

between June 8, 2012 and June 17, 2013.  *Id.*  In her July 20, 2020

Report-Recommendation and Order ("Rep.-Rec."), Magistrate Judge Dancks recommends

1

that the Court find that the doctrine of fraudulent concealment does not apply to any

claims Plaintiff may have for his incarceration between June 8, 2012 and June 17, 2013.

*See generall*y Rep-Rec., Dkt. 76.  In reaching this conclusion, Judge Dancks indicates that

"Plaintiff has since clarified that his deliberate indifference claim against Dr. Fricke 'has

absolutely nothing to do' with his incarceration at RCCF in 2012 and 2013."  *Id.* at 5  (citing

Dkt. No. 66 at ¶¶ 2, 7.).  Judge Dancks also indicates:

> Dr. Fricke only began his employment with Corrections Medical Care in
> March of 2013, serving as the part-time jail physician at RCCF. (Dkt. No.
> 67-1 at ¶¶ 6, 7.)  The summary judgment record indicates Plaintiff was
> released from RCCF on June 17, 2013. (Dkt. No. 51-7 at ¶ 38.)  Plaintiff
> returned to RCCF on February 12, 2014, and was there until August 11,
> 2014. *Id.* at ¶ 40.  He was released for a very short time, and returned to
> RCCF on August 14, 2014, where he remained until he was transferred into
> the custody of the New York State Department of Corrections and
> Community Supervision ("DOCCS") on October 17, 2014. *Id.* Dr. Fricke saw
> Plaintiff during his incarcerations at RCCF from February 12, 2014, until
> October 17, 2014. (Dkt. No. 67-1 at ¶ 16.)  Plaintiff was diagnosed with
> prostate cancer in March of 2015, while in the custody of DOCCS. *Id*. at ¶
> 15.

*Id.*  Based on the foregoing, Judge Dancks concluded that the doctrine of fraudulent

concealment does not apply to any claims Plaintiff may have for his incarceration between

June 8, 2012 and June 17, 2013, and recommends that the Court adopt her conclusion.

*Id.* Judge Dancks indicates that if the Court adopts her conclusion, "only the question of

whether Defendant engaged in deliberate indifference to a serious medical need at a time

within the statute of limitations remains for trial." *Id.*   In the July 20, 2020

Report-Recommendation and Order, Judge Dancks expressed no opinion on the merits of

this claim against Dr. Fricke*. Id.*  Further, because the matter was remanded to Judge

Dancks with specific instructions for briefing and a Report-Recommendation on the issue

of whether fraudulent concealment applies to any claims Plaintiff may have for his incarceration between June 8, 2012 and June 17, 2013, Judge Dancks found that "any other claims, contentions, and/or arguments raised by the parties *sua sponte* in their submissions (Dkt. Nos. 66, 67, 71, 73) [were] not properly before [her] and [were] not . . . considered, including the ultimate issue of whether Dr. Fricke was deliberately indifferent to Plaintiff's serious medical need." *Id.* at 5-6.

Apparently due to the fact that the Report-Recommendation and Order mailed to Plaintiff was returned as undeliverable, Plaintiff did not file objections until January 6, 2021. *See* Dkt. No. 80.  These objections are untimely but the Court will review them because of Plaintiff's *pro se* status and because the July 20, 2020 Report-Recommendation and Order was returned as undeliverable.  Plaintiff's objections do not present specific challenges to Judge Dancks's recommendation but rather argue the merits of his claim against Dr. Fricke. *See id.*

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further

evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III.    DISCUSSION

Having reviewed Plaintiff's objections, and having conducted a *de novo* review of the issue addressed by Judge Dancks, the Court will adopt Judge Dancks's recommendation that the Court find that the doctrine of fraudulent concealment does not apply to any claims Plaintiff may have from his incarceration at RCCF between June 8, 2012 and June 17, 2013. The Court reaches this conclusion for the reasons stated by Judge Dancks in the July 20, 2020 Report-Recommendation and Order, Dkt. No. 76.

## IV.    CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the recommendation in the Report-Recommendation and Order, Dkt. No. 76, for the reasons stated therein. Thus**,** the Court finds that the doctrine of fraudulent concealment does not apply to any claims Plaintiff may have from his incarceration at RCCF between June 8, 2012 and June 17, 2013. This case may now proceed to trial on the question of whether Dr. Fricke engaged in deliberate indifference to Plaintiff's serious medical need at a time within the statute of limitations.

**IT IS SO ORDERED.**

Dated: March 31, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

4